Joseph R. Flood and John J. Donatucci, Appellants (below), v. Zoning Hearing Board of Hampden Township, Appellees (below), and Loy T. Hempt and Margaret R. Hempt, Appellees-Intervenors (below), Appellants herein, and The Township of Hampden, Intervenor. Loy T. and Margaret R. Hempt, Appellants.

Argued February 5, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, MENCER, ROGERS and BLATT. Judge WILKINSON, JR. did not participate.

*Richard C. Snelbaker,* with him *Martson and Snelbaker,* for appellants.

*Jerome T. Foerster,* with him *Richard W. Cleckner* and *Cleckner and Fearen,* for appellees.

*Robert D. Myers,* with him *Myers & Potteiger,* for intervenor.

OPINION BY JUDGE CRUMLISH, JR., June 3, 1975:

This zoning appeal is from an order of the Court of Common Pleas of Cumberland County which revoked building permits issued to Appellants for a proposed apartment development in an R-1 residential district of Hampden Township. The lower court's decision was based upon a holding that the conditional use approval underlying the permit was invalid as issued by a municipal body other than the "governing body" mandated by section 603 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10603.

In *Cohen v. Ford,* 19 Pa. Commonwealth Ct. 417, control. The referee's opinion corectly makes the follow- the Hampden Township Zoning Ordinance invalid to the extent that they attempted to vest power to approve or disapprove an application for a conditional use in an entity other than the "governing body" mandated by Section 603 of the MPC. Appellants here concede the invalidity of Sections 302 and 1201, but argue that it would be inequitable to allow Hampden Township to now raise the invalidity of its own ordinance in revoking the building permits on "a mere technicality" after the Townships' Planning Commission and Zoning Hearing Board had approved the conditional use. While some merit might well be found in this argument as it relates to the standing of the Township, the individual appellee-protestants herein cannot have visited upon them the procedural sins of the Township. A timely appeal was taken by Appellees to both the zoning board and lower court when the building permits were issued, thus giving Appellants prompt notice that the validity of the procedure followed by them in obtaining conditional use approval was the subject of a substantial challenge. Even had Appellants expended money or incurred liabilities in good faith reliance upon the permit (an allegation not made here), they had no vested right in the permit prior to the expiration of the

appeal period available to protestants. *Calabrese v. Zoning Board of Adjustment,* 5 Pa. Commonwealth Ct. 444, 291 A.2d 326 (1972). Moreover, " '[a] municipal permit *issued illegally or in violation of the law, or under a mistake of fact,* confers no vested right or privilege on the person to whom the permit has been issued and may be revoked notwithstanding that he may have acted upon the permit; any expenditures made in reliance upon such permit are made at his peril.' Vogt v. Port Vue Borough" [170 Pa. Superior Ct. 526, 528, 85 A.2d 688, 690 (1952)]. (Emphasis original.) *Pittsburgh v. Oakhouse Associates,* 8 Pa. Commonwealth Ct. 349, 357, 301 A.2d 387, 392.

Order affirmed.