Timothy J. SCHADLER

v.

ZONING HEARING BOARD OF WEISENBERG TOWNSHIP,

Appeal of Weisenberg Township Board of Supervisors.

Commonwealth Court of Pennsylvania.

Argued Dec. 4, 2002.

Decided Jan. 8, 2003.

John E. Roberts, Whitehall, for appellant.

Charles E. Zaleski, Camp Hill, for appellee.

BEFORE: COLINS, President Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, COHN, Judge, and SIMPSON, Judge.

OPINION BY Judge PELLEGRINI.

The Weisenberg Township Board of Supervisors (Township Supervisors) appeals from an order of the Court of Common Pleas of Lehigh County (trial court) reversing the decision of the Weisenberg Township Zoning Hearing Board (Zoning Hearing Board).

Timothy J. Schadler (Schadler) is the owner of approximately 41 acres of property in Weisenberg Township (Township). The property is located within the Township's rural-residential zoning district. On August 6, 1997, Schadler filed a curative amendment pursuant to the Pennsylvania

Municipalities Planning Code (MPC)[1] alleging that the Township's zoning ordinances were invalid in that they prohibited mobile home parks or imposed unreasonable restrictions for the use of his property. While Schadler's curative amendment was pending, the Township Supervisors, on July 28, 1999, ran an advertisement in the East Penn Press which indicated that at its October 4, 1999 meeting, it would consider "Proposed Ord. 99–4 Mobile Home Parks." Following that meeting and having received comments on the proposed ordinance, the Township Supervisors scheduled a public hearing on the proposed ordinance for its February 7, 2000 meeting and placed an advertisement in the East Penn Press to notify the public of the hearing. At the February 7, 2000 meeting, the Township Supervisors enacted Ordinance No. 99–4 which established uniform standards for the design, construction, alteration, extension and operation of mobile home parks and related utilities and facilities; regulated the issuance of permits for construction, alterations and additions thereto; regulated licensing of those who operated mobile home parks, and authorized the inspection of mobile home parks and penalties for violations of the ordinance. Schadler was aware of the enactment of Ordinance 99–4 when it was passed.

Approximately seven months later, on August 31, 2000, Schadler filed a challenge to the procedural validity of Ordinance No. 99–4 pursuant to Section 909.1(a)(2) of the MPC, alleging that the ordinance was invalid and void *ab initio* because the Township Supervisors failed to follow the procedural requirements of the MPC, the Second Class Township Code[2] and the Township's Subdivision and Land Development Ordinance. Following hearings before the Zoning Hearing Board, the Zoning Hearing Board denied Schadler's challenge because, among other reasons, it was not timely filed. Schadler then filed a land use appeal with the trial court which reversed the Zoning Hearing Board, finding that the time limit provisions were not applicable as Ordinance No. 99–4 was void *ab initio* because it was not properly enacted where the Township Supervisors failed to follow the requirements for publication, advertisement and the availability of ordinances mandated by Section 506(a) of the MPC, 53 P.S. § 10506(a).[3] This appeal by the Township Supervisors followed.[4]

---

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101 11202. Section 609.1 of the MPC, added by the Act of June 1, 1972, P.L. 333, *as amended,* 53 P.S. § 10609.1, provides the procedure to be followed for a landowner curative amendment. Section 909.1 of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10901.1, provides that the zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications regarding challenges to the validity of a land use ordinance. Section 916.1 of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10916.1, provides that a landowner, who desires to challenge the validity of a zoning ordinance or map on substantive grounds which prohibits or restricts the development of land in which he has an interest, shall submit his challenge.

2. Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§ 65101 68701.

3. In its order, the trial court also permitted the Township Supervisors to intervene on behalf of the Township.

4. In a land use appeal, where the trial court has not taken any additional evidence, this Court's scope of review is limited to a determination of whether the governing body committed errors of law or abused its discretion. *Baker v. Chartiers Township Zoning Hearing Board,* 677 A.2d 1274 (Pa.Cmwlth.1996), *petition for allowance of appeal denied,* 547 Pa. 738, 690 A.2d 238 (1997).

Although admitting that there were errors in the advertising and procedure followed by the Township in adopting Ordinance No. 99–4, the Township Supervisors contend that those errors do not permit Schadler to file a procedural challenge to that ordinance more than six months after its adoption. It argues that while a municipal ordinance can be challenged at any time on substantive grounds, it can only be challenged on procedural grounds within 30 days of the effective date of the ordinance pursuant to Section 909.1(a)(2) of the MPC and Section 5571(c)(5) of the Judicial Code, 42 Pa.C.S. § 5571(c)(5). In opposition, Schadler contends that his challenge to Ordinance No. 99–4 was proper because Section 506 of the MPC, 53 P.S. § 10506,[5] provides that the enactment of an ordinance or amendment thereto must be properly advertised with proper notice given to the public or that ordinance is void *ab initio*. He argues that Ordinance No. 99–4 was void *ab initio* because the Township Supervisors failed to properly advertise the public hearing and enactment of the ordinance, and, therefore, the 30–day time limit regarding procedural challenges was not applicable to his challenge.

■ Section 909.1(a)(2) of the MPC and Section 5571(c)(5) of the Judicial Code provide that a challenge on procedural grounds to a municipal ordinance may only be taken within 30 days of the effective date of the ordinance. Section 909.1(a)(2) of the MPC provides:

(a) The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in the following matters:

\* \* \*

(2) Challenges to the validity of a land use ordinance raising procedural questions or alleged defects in the process of enactment or adoption which challenges shall be raised by an appeal taken within 30 days after the effective date of said ordinance. Where the ordinance appealed from is the initial zoning ordinance of

---

5. That section provides:

(a) Proposed subdivision and land development ordinances and amendments shall not be enacted unless notice of proposed enactment is given in the manner set forth in this section, and shall include the time and place of the meeting at which passage will be considered, a reference to a place within the municipality where copies of the proposed ordinance or amendment may be examined without charge or obtained for a charge not greater than the cost thereof. The governing body shall publish the proposed ordinance or amendment once in one newspaper of general circulation in the municipality not more than 60 days nor less than seven days prior to passage. Publication of the proposed ordinance or amendment shall include either the full text thereof or the title and a brief summary, prepared by the municipal solicitor and setting forth all the provisions in reasonable detail. If the full text is not included:

(1) A copy thereof shall be supplied to a newspaper of general circulation in the municipality at the time the public notice is published.

(2) An attested copy of the proposed ordinance shall be filed in the county law library or other county office designated by the county commissioners, who may impose a fee no greater than that necessary to cover the actual costs of storing said ordinances.

(b) In the event substantial amendments are made in the proposed ordinance or amendment, before voting upon enactment, the governing body shall, at least ten days prior to enactment, readvertise, in one newspaper of general circulation in the municipality, a brief summary setting forth all the provisions in reasonable detail together with a summary of the amendments.

(c) Subdivision and land development ordinances and amendments *may* be incorporated into official ordinance books by reference with the same force and effect as if duly recorded therein. (Emphasis added.)

the municipality and a zoning hearing board has not been previously established, the appeal raising procedural questions shall be taken directly to court.

Likewise, Section 5571(c)(5) of the Judicial Code provides:

*Ordinances, resolutions, maps, etc.* Questions relating to an alleged defect in the process of enactment or adoption of any ordinance, resolution, map or similar action of a political subdivision shall be raised by appeal commenced within 30 days after the effective date of the ordinance, resolution, map or similar action.

(Emphasis in the original.)

Whether a person could challenge the validity of a municipal ordinance, albeit an ordinance not enacted pursuant to the MPC more than 30 days after its adoption, was addressed by our Supreme Court in *Cranberry Park Associates v. Cranberry Township Zoning Hearing Board*, 561 Pa. 456, 751 A.2d 165 (2000). In that case, Cranberry Park Associates (CPA) filed an application for a grading permit pursuant to Cranberry Township's Grading Ordinance. While the application was pending, CPA began grading operations without a permit. Finding that CPA failed to provide required data, Cranberry Township denied its application and also issued a notice of violation and stop work order finding that CPA willfully violated the Grading Ordinance. CPA then filed an appeal from the permit denial, notice of violation and stop work order. Subsequently, CPA also filed an appeal challenging the validity of the Grading Ordinance because it was never numbered, dated,

signed or recorded. Finding that CPA's challenge to the validity of the Grading Ordinance was procedural in nature and was not filed until eight years after the effective date of the ordinance, well after the 30–day time limit of 42 Pa.C.S. § 5571(c)(5), the zoning hearing board denied CPA's challenge as untimely. Concluding that CPA's validity challenge was untimely because it was not filed within 30 days of the effective date of the ordinance, the trial court and this Court affirmed the zoning hearing board's decision.

On appeal, CPA argued that because the Grading Ordinance was never signed, dated, numbered or recorded, it never became effective. It argued that it did not even know that the Grading Ordinance existed and characterized the ordinance as void *ab initio.* Relying on Section 741 of the Second Class Township Code, Act of May 1, 1933, P.L. 103, *repealed by* Act of November 9, 1995, P.L. 350, formerly 53 P.S. § 65741,[6] the Court concluded that because the procedures for enacting the ordinance were not followed, the ordinance was invalid stating:

As of 1995, eight years after the Ordinance was passed, the Ordinance was still not numbered, dated, signed or recorded in the ordinance book of the township, thus it never became effective. [Citations omitted.] Since the Ordinance never became effective, Appellee's reliance on § 5571 of the Judicial Code to argue that CPA's challenge is untimely is unpersuasive.

561 Pa. at 462, 751 A.2d at 168.[7]

However, since the inception of the *Cranberry Park* case, as acknowledged by

---

**6.** That section provided, in relevant part:

To adopt ordinances prescribing the manner in which such specific powers of the township shall be carried out. All such ordinances, unless otherwise provided by law, shall be published prior to passage at least once in one newspaper circulating

generally in the township.... Such ordinances shall be recorded in the ordinance book of the township and shall become effective five days after such adoption.

**7.** Apparently, the issue of laches was not raised in *Cranberry Park.* In *Stilp v. Hafer,* 553 Pa. 128, 718 A.2d 290 (1998), a case which

our Supreme Court in its decision, the General Assembly repealed Section 741, formerly 53 P.S. § 65741 and recodified the subject matter in Section 1601, 53 P.S. § 66601,[8] which provides, in relevant part:

The board of supervisors may adopt ordinances in which general or specific powers of the township may be exercised, and, by the enactment of subsequent ordinances, the board of supervisors may amend, repeal or revise existing ordinances. All proposed ordinances, whether original, amended, repealed, revised, consolidated or codified, shall be published not more than sixty days nor less than seven days before passage at least once in one newspaper circulating generally in the township. Public notices shall include either the full text or a brief summary of the proposed ordinance which lists the provisions in reasonable detail and a reference to a place within the township where copies of the proposed ordinance may be examined. If the full text is not included, a copy shall be supplied to the publishing newspaper when the notice is published, and an attested copy shall be filed within thirty days after enactment in the county law library or other county office designated by the county commissioners, who may impose a fee no greater than that necessary to cover the actual costs of storing the ordinances. *The date of such filing shall not affect the effective date of the ordinance, the validity of the process of the enactment or adoption of the ordinance; nor shall a failure to record within the time provided be deemed a defect in the process of the enactment or adoption of such ordinance.* If substantial amendments are made in the proposed ordinance, before voting upon enactment, the board of supervisors shall at least ten days before enactment readvertise in one newspaper of general circulation in the township a brief summary setting forth all the provisions in reasonable detail, together with a summary of the amendments. *Ordinances shall be recorded in the ordinance book of the township and are effective five days after adoption unless a date later than five days after adoption is stated in the ordinance.*

involved a challenge to the Low–Level Radioactive Waste Disposal Act (Act), Act of February 9, 1988, P.L. 31, 35 P.S. §§ 7130.101 7130.905, a complaint was filed eight years after the Act was enacted, alleging that the Act was invalid because it was enacted in violation of Article III of the Pennsylvania Constitution which provides the manner in which the business of making laws must be conducted, and the subjects with reference to which it may and may not be exercised. Concluding that if a party was able to challenge a law on procedural grounds years after its passage, courts would be forced to revisit statutes that were constitutionally sound in substance and had been relied upon by the citizens of the Commonwealth, our Supreme Court, through Justice Nigro, who also wrote *Cranberry Park*, held that the doctrine of laches could be applied to a challenge made to a law on procedural grounds. Because plaintiffs had all of the information necessary at the time to challenge the Act on procedural grounds eight years earlier when the Act was enacted, the Court held that the action was barred by laches. We note that Section 5571(c)(5) of the Judicial Code does not apply to constitutional provisions or Acts of the General Assembly.

8. Although acknowledging that Section 65741 had been repealed and recodified at 53 P.S. § 66601, the Court, in *Cranberry Park*, declined to apply Section 66601 because Section 65741 was in effect in July of 1987, the time when the grading ordinance was passed, and, therefore, concluded that Section 65741 was the proper section to apply in its analysis to determine the effective date of the grading ordinance.

53 P.S. § 66601(a). (Emphasis added.)[9] In enacting Section 1601, the General Assembly altered Section 741 by providing that certain errors in a municipality's adoption of local ordinances did not affect the effective date of the ordinance the pivotal issue addressed in *Cranberry Park.* In effect, the General Assembly vitiated the *Cranberry Park* holding because it provided that it no longer mattered whether an ordinance was properly recorded in order to become effective, and, therefore, the "30 days after the effective date" filing requirement in Section 909.1(a)(2) of the MPC and Section 5571(c)(5) of the Judicial Code applied regardless of procedural defects such as failure to properly record.[10]

██ Moreover, the purpose of Section 909.1(a)(2) of the MPC and Section 5571(c)(5) of the Judicial Code is to limit the time in which a person may challenge a municipal ordinance on procedural grounds, i.e., raising procedural questions or defects in the process of enactment or adoption. However, Schadler's assertion that a municipal ordinance is rendered void *ab initio* any time defects in the process of the enactment or adoption exist and no time limits apply would render Section 909.1(a)(2) of the MPC and Section 5571(c)(5) of the Judicial Code meaningless. In effect, what the provisions do is to make all ordinances valid, no matter the procedural defect, unless a challenge is brought within 30 days. Otherwise, challenges could be brought forever by argu-

ing that the ordinance is void *ab initio* because of some defect in its enactment. No one then could ever rely on the ordinance with certainty because it would always be subject to a procedural challenge. Such an interpretation results in an absurd outcome and renders Section 909.1(a)(2) of the MPC and Section 5571(c)(5) of the Judicial Code meaningless, and, therefore cannot be upheld.

Accordingly, the decision of the trial court is reversed.

Judge FRIEDMAN dissents.

### ORDER

AND NOW, this *8th* day of *January,* 2003, the order of the Court of Common Pleas of Lehigh County, No.2001–C–0209, dated November 15, 2001, is reversed.

COLINS, President Judge, Concurring.

I respectfully disagree with the majority's decision to reverse the decision of the trial court that had reversed the decision of the Weisenberg Township Zoning Hearing Board (ZHB) after concluding that the Weisenberg Township Mobile Home Park Ordinance (Ordinance 99–4) enacted on February 7, 2000 was void *ab initio.*

The majority bases its decision upon the applicability of the General Assembly's enactment of 53 P.S. § 66601 to the present matter and what it refers to as the inapplicability of *Cranberry Park Associates v.*

---

**9.** In its decision, the trial court relies on this Court's decision in *Valianatos v. Zoning Board of Richmond Township,* 766 A.2d 903 (Pa. Cmwlth.2001). In that case, we held that the 30–day rule of Section 909.1(a)(2) of the MPC was inapplicable because the ordinance was void *ab initio,* and, therefore, never had an effective date to begin the 30–day period. In doing so, we relied solely on our Supreme Court's holding in *Cranberry Park* and did not address the applicability of the General Assembly's enactment of 53 P.S. § 66601. As

such, for the same reasons that *Cranberry Park* is not applicable to the facts of this case, our holding in *Valianatos* is likewise not applicable.

**10.** In any event, Ordinance 99–4 was recorded in the Township's ordinance log by reference stating the title, ordinance number and date of enactment, and, therefore, was properly recorded pursuant to Section 506(c) of the MPC, 53 P.S. § 10506(c).

*Cranberry Township Zoning Hearing Board,* 561 Pa. 456, 751 A.2d 165 (2000), and *Valianatos v. Zoning Board of Richmond Township,* 766 A.2d 903 (Pa.Cmwlth. 2001). The majority opinion states

> However, since the inception of the Cranberry Park case, as acknowledged by our Supreme Court in its decision, the General Assembly repealed 53 P.S. § 65741 and recodified the subject matter of that section at 53 P.S. § 66601 [footnote omitted], which provides, in relevant part:

> > The board of supervisors may adopt ordinances in which general or specific powers of the township may be exercised, and, by the enactment of subsequent ordinances, the board of supervisors may amend, repeal or revise existing ordinances. *All proposed ordinances, whether original, amended, repealed, revised, consolidated or codified, shall be published not more than sixty days nor less than seven days before passage at least once in one newspaper circulating generally in the township. Public notices shall include either the full text or a brief summary of the proposed ordinance which lists the provisions in reasonable detail and a reference to a place within the township where copies of the proposed ordinance may be examined. If the full text is not included, a copy shall be supplied to the publishing newspaper when the notice is published,* and an attested copy shall be filed within thirty days after enactment in the county law library or other county office designated by the county commissioners, who may impose a fee no greater than that necessary to cover the actual costs of storing the ordinances. The date of such filing shall not affect the effective date of the ordinance, the validity of the process of the enactment or adoption of the ordinance; nor shall a failure to record within the time provided be deemed a defect in the process of the enactment or adoption of such ordinance. If substantial amendments are made in the proposed ordinance, before voting upon enactment, the board of supervisors shall at least ten days before enactment readvertise in one newspaper of general circulation in the township a brief summary setting forth all the provisions in reasonable detail, together with a summary of the amendments. Ordinances shall be recorded in the ordinance book of the township and are effective five days after adoption unless a date later than five days after adoption is stated in the ordinance.

(Emphasis added and omitted.) The majority selectively focuses upon the recordation requirements of the foregoing section as being the sole determinant of whether or not a proposed ordinance is validly enacted or adopted and ignores the notice and publication requirements that are equally mandatory and with which the Weisenberg ZHB failed to comply. The majority emphasizes only that portion of 53 P.S. § 66601 that states that the date on which the zoning authority files an attested copy of a proposed ordinance shall not affect the effective date of the ordinance and/or the validity of its enactment, without at the same time, acknowledging that the filing and recordation procedures do not negate the statute's notice and publication requirements for enacting a proposed ordinance. In this regard, the trial court properly noted the ZHB's flagrant noncompliance with the foregoing notice and publication requirements as follows:

> The first advertisement, on July 28, 1999, was placed more than sixty (60) days prior to the first meeting, October 4, 1999, and more than sixty (60) days prior to the February 7, 2000, enactment. None of the advertisements included a reference to a place in the

municipality where copies of the proposed Ordinance could be examined. None of the advertisements included the full text or a brief summary of the Ordinance. Further, the February 2, 2000, advertisement was placed less than seven (7) days prior to passage, and did not provide notice that passage of the Ordinance would be considered at the meeting.

The notice provisions contained in the MPC "mandatorily obligate a township to comply with the requirements of such provisions and if a township fails to meet the notice requirements then the appropriate zoning enactment is made *null and void.*" *Valianatos v. Zoning Hearing Board of Richmond Township,* 766 A.2d 903, 905 (Pa.Commw.2001) [emphasis in original]. . . .

(Trial court's opinion in *In Re: Land Use Appeal of Timothy J. Schadler* (No.2000–C–0209, filed November 16, 2001, pp. 8–9).)

The majority concludes that Schadler's assertion that a municipal ordinance is void *ab initio* whenever defects in its enactment and/or adoption occur render Section 909.1(a)(2) of the MPC and Section 5571(c)(5) of the Judicial Code meaningless because unless such defects are challenged within 30 days, the proposed ordinance is deemed to be valid. This reliance by the majority upon the filing and recordation provisions of 53 P.S. § 66601 as being all-controlling is misplaced since these sections do not preempt the notice and publication requirements of the statute, which clearly were intended to guarantee public participation in the legislative process.

Accordingly, the trial court's opinion should be affirmed.

Judge Simpson joins in this dissent.