Llewellyn's Mobile Home Court, Inc., Appellant v. Springfield Township Zoning Hearing Board et al., Appellees.

Argued October 18, 1984, before Judges MacPhail, Barry and Colins, sitting as a panel of three.

*Glenn C. Vaughn, Carn, Vaughn & Perry,* for appellant.

*Gordon A. Roe, Kain, Brown & Roberts,* for appellee, Springfield Township Zoning Hearing Board.

*William H. Poole, Jr.,* for intervenor, Harry L. McNeal, Jr.

Opinion by Judge MacPhail, December 31, 1984:

Llewellyn's Mobile Home Court, Inc. (Appellant) appeals here from a decision of the Court of Common Pleas of York County which affirmed the decision of the Springfield Township Zoning Hearing Board (Board) denying Appellant's request for permission

to expand its mobile home park by an additional twenty units.[1]   We will affirm.

The common pleas court did not receive any additional evidence, therefore, this Court must determine whether the Board made an error of law or committed an abuse of discretion in reaching its decision. *Sullivan v. Zoning Board of Adjustment*, 83 Pa. Commonwealth Ct. 228, 478 A.2d 912 (1984).

The Board found that there was no zoning ordinance in existence in Springfield Township prior to August 6, 1968.   Following the adoption of a zoning ordinance on that date, the Springfield Township Zoning Officer issued a certificate of nonconformance to John T. Hall, Jr. on October 19, 1968.[2]   Mr. Hall was the predecessor owner of the subject tract of land. The area in which the land is located was zoned agricultural, so that use of the land for a mobile home park was nonconforming.

The certificate of nonconformance described the property dimensions, referred to an accompanying plan, and listed the type of nonconformity as a mobile home park which had existed prior to August 6, 1968. The Board determined that eight mobile home lots existed in the park in 1968.   The plan referred to on the certificate of nonconformance showed twenty-eight mobile home lots, using the entire property as a mobile home park.   Nevertheless, at no time were there twenty-eight lots in use.   The Board found that some activities occurred on the vacant area of the property which suggested an intent to locate the twenty additional lots proposed by the plan.

---

[1] The Board did grant Appellant permission to extend the mobile home park by an additional four units pursuant to The Springfield Township Zoning Ordinance of 1977 (Ordinance), art. IX, §9.32.

[2] The Board found that the 1968 certificate of nonconformance was apparently issued in compliance with the zoning ordinance adopted in 1968.

Art. IX, §9.36 of the Ordinance required all owners of lots occupied by a nonconforming use to obtain a certificate of nonconformance. The Board found that Mr. Hall complied with this requirement, and that the 1977 certificate described the use as a mobile home park which had existed prior to August 6, 1968 and referred to the previous drawing showing twenty-eight mobile home lots.

Most significantly, the Board found that the twenty undeveloped lots[3] have none of the improvements necessary for the erection of mobile homes upon them; therefore, from 1968 until the time of the hearing a mobile home park which contained eight units existed on the tract of land.

Appellant relies on the 1968 and 1977 certificates of nonconformance as establishing a right to a nonconforming mobile home park containing twenty-eight mobile home lots. We cannot agree. The certificates insure the owner of the property, now Appellant, the right to *continue* the nonconforming use *in existence* when the ordinances were enacted.[4] Under Pennsylvania law, an owner can establish a nonconforming use by showing by objective evidence that the land was devoted to the use at the time the ordinance was enacted; a statement of the owner's intent is inadequate to establish the nonconforming use. 2 R. Ryan, Pennsylvania Zoning Law and Practice §7.2.3 (1981). The landowner has the burden of establishing that the nonconforming use existed. *Little v. Zoning Hearing*

---

[3] Art. IV, §4.11.9 of the Ordinance defines mobile home lot as "a parcel of land in a mobile home park, improved with the necessary utility connections and other appurtenances necessary for the erection thereon of a single mobile home . . . ." A mobile home park is "a parcel of land under single ownership which has been planned and improved for the placement of mobile homes for non-transient use, consisting of two or more mobile home lots." *Id.*

[4] Art. IX, §9.36 of the Ordinance.

*Board of Abington Township*, 24 Pa. Commonwealth Ct. 490, 357 A.2d 266 (1976).

The plans which accompany the two certificates of nonconformance are evidence merely of the landowner's intention to install twenty-eight mobile home lots on the property. The certificates can only grant such nonconforming use as existed at the time of their issuance. The Board committed no error in finding that the nonconforming mobile home park contains only eight units. Appellant may continue the use of the eight unit mobile home park.

Art. IX, §9.36 of the Ordinance provides in pertinent part that a certificate of nonconformance "shall insure such owners [of lots occupied by a nonconforming use] the right to *continue* a nonconforming use within the regulations prescribed herein." (Emphasis added.) The certificate cannot grant Appellant the right to continue something which was never begun. Insofar as either certificate may appear to certify all twenty-eight lots shown on the plans, this is legal error and is not conclusive on the issue of the nature and extent of the nonconforming use.[5] The nonconforming use for which the certificates were issued was a mobile home park containing eight individual lots.

Appellant alternatively sought a variance, assuming that the nonconforming use was limited to the eight lots, on the basis that the agricultural uses, for which the portion of the property not occupied by the eight lots is suited, are not compatible with the mobile

---

[5] We do not find that it is necessary to determine whether the plans accompanying the certificates are subject to Section 508(4) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S §10508(4), because our decision does not rest on a determination of the validity of the plans Additionally, a discussion of the theory of abandonment is not necessary because no use existed, apart from the eight mobile home units; therefore, there was nothing which could have been abandoned.

home park. Appellant is not entitled to an expansion as of right of the nonconforming use over property which has not been used to further the nonconforming purpose. *Jenkintown Towing Service v. Zoning Hearing Board of Upper Moreland Township,* 67 Pa. Commonwealth Ct. 183, 446 A.2d 716 (1982). Therefore, the usual criteria for the grant of a variance must be met. Appellant must prove that the zoning ordinance burdens its property with a unique and unnecessary hardship and that grant of the variance would not have an adverse effect upon the public health, safety or welfare. *Ignelzi v. Zoning Board of Adjustment of the City of Pittsburgh,* 61 Pa. Commonwealth Ct. 101, 104, 433 A.2d 158, 160 (1981). Because a variance should be granted in exceptional cases only, Appellant's burden of proof is heavy. *Kensington South Neighborhood Advisory Council v. Zoning Board of Adjustment of Philadelphia,* 80 Pa. Commonwealth Ct. 546, 549, 471 A.2d 1317, 1319 (1984).

The Board did not err as a matter of law in finding that Appellant failed to meet this burden. The record shows that the property could be used for purposes permitted by the ordinance, and the primary hardship alleged was financial. This will not justify the grant of a variance.[6] *See Vitale v. Zoning Hearing Board of Upper Darby Township,* 63 Pa. Commonwealth Ct. 604, 609, 438 A.2d 1016, 1019 (1982). Furthermore, as noted above, the Board granted an extension of four additional mobile home lots in accordance with the provisions of art. IX, §9.32 of the ordi-

---

[6] The evidence in regard to harm to the public health, safety or welfare was testimony of various persons living near the property who expressed their fears that the addition of twenty mobile homes to the mobile home park would adversely affect neighborhood water, sewage, storm water runoff and traffic conditions. Even assuming this testimony was not conclusive of harm, Appellant failed to prove that there would be no adverse effect.

nance which further weakens Appellant's averment of hardship.

Accordingly, we will affirm the decision of the Court of Common Pleas of York County.

ORDER

The order of the Court of Common Pleas of York County, Civil Action—Law No. 83-S-2383, dated February 14, 1984, is hereby affirmed.