529 A.2d 85

Schenley Farms Civic Association and Paul L. Tietjem, Appellants *v.* The Zoning Board of Adjustment of the City of Pittsburgh and Richard Day, Appellees.

Argued May 19, 1987, before Judges MACPHAIL and DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Leonard M. Mendelson, Hollinshead and Mendelson,* for appellants.

*David F. Toal, Baskin, Flaherty, Elliott & Mannino, P.C.,* for Richard Day, intervenor.

*Gretchen G. Donaldson,* with her, *D. R. Pelligrini,* for appellee.

OPINION BY JUDGE MACPHAIL, July 31, 1987:

Schenley Farms Civic Association and Paul J. Tietjem (Appellants) appeal an order of the Court of Common Pleas of Allegheny County which dismissed their appeal from an order of the Zoning Board of Adjustment of the City of Pittsburgh (Zoning Board) granting an appeal for occupancy of a dwelling unit for three unrelated persons living together as a single family. We affirm.

The property in question, which is improved by a three-story, single-family dwelling and a two-story, three-car garage, is located in a single-family residential zoning district in the City of Pittsburgh. On February

7, 1985, the property owner, Richard Day, applied for an occupancy permit which would allow the use of the second floor of the garage as an additional dwelling unit. The application was disapproved by the Zoning Administrator because the legal existence of a dwelling unit above the garage had not been established.

Day appealed to the Zoning Board, and, at an initial hearing held February 21, 1985, Day was advised that he must prove that the dwelling unit had been in existence prior to 1923 when the single-family zoning district was established.[1] The hearing was continued to March 7, 1985, at which time an architect, Mr. Schinhofen, testified on behalf of Day and opined that due to the presence of a kitchen sink in the original construction of the rooms above the garage, the second floor had been a dwelling unit before 1923.[2]

On May 16, 1985, the Zoning Board granted the appeal for occupancy, concluding that proof of the existence of a dwelling unit on the second floor of the garage had been provided. Appellants herein appealed the decision to the Court of Common Pleas of Allegheny County asserting that the Board's order was arbitrary and capricious, an abuse of discretion, and contrary to law. Day's petition for leave to intervene in the appeal was granted.

---

[1] The garage originally had been used as a carriage house, over which were servants' quarters. According to a member of the Zoning Board, the quarters would not necessarily have contained cooking facilities, and the existence of a kitchen in the pre-1923 unit was critical to the question of whether it was an additional dwelling unit prior to 1923. *See* Notes of Testimony (N.T.) from February 21, 1985 at 9 and 12, Reproduced Record (R.R.) at 37a and 40a.

The issue of the continuation of the nonconforming use, or the abandonment thereof, was not raised before the Zoning Board, the trial court or this Court.

[2] N.T. from March 7, 1985 at 23, R.R. at 51a.

The trial court concluded that the evidence supported the Zoning Board's finding of a legal prior nonconforming use, and on July 15, 1986, the court affirmed the order. Appellants' appeal of this order is now before our Court.

As recently reiterated by our Supreme Court, when the trial court takes no additional evidence, our scope of review is limited to a determination of whether the governing body committed an error of law or a manifest abuse of discretion. *Valley View Civic Ass'n v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). We can only find an abuse of discretion if the findings are not supported by substantial evidence. *Id.*

Day would be entitled to continue the "nonconforming use" of his property, *i.e.,* the use of the additional dwelling unit in the single-family district, if he meets his burden of proving that the property was devoted to this use at the time the zoning ordinance was enacted. *See Llewellyn's Mobile Home Court, Inc. v. Springfield Township Zoning Hearing Board,* 86 Pa. Commonwealth Ct. 567, 485 A.2d 883 (1984). Appellants argue that there was insufficient evidence before the Zoning Board to establish the existence of a dwelling unit above the garage prior to 1923. Specifically, they assert that the architect's testimony did not support the finding that there were cooking facilities in the garage at that time. We do not agree.

The Zoning Board found, based on the architect's testimony, proof that the additional dwelling had existed. Our review of the record satisfies us that there was substantial evidence to support this finding. The architect testified, first of all, that the garage had been constructed at the same time as the main house, which had been built at least as early as 1922.[3] Further, according

---

[3] *See* N.T. from March 7, 1985 at 27, R.R. at 55a. According to Mr. Schinhofen, the house had been featured in a 1922 issue of The Architectural Digest.

to his inspection of the building, there is a structural concrete slab over the entire first floor which has not been altered since construction. A waste line runs through this slab, from the first floor to the second, up to the rear portion of the second floor. Mr. Schinhofen contends that this waste line existed for the purpose of a kitchen sink on the second floor because the bathroom area, containing the original plumbing, had always been located in the front of the structure. Mr. Schinhofen concluded, "we are saying that this kitchen existed and, therefore, it was a dwelling unit before 1923."[4] As we find this to be substantial evidence to support the Zoning Board's findings, there was no abuse of discretion.

We also reject Appellants' argument that the Zoning Board committed an error of law in failing to give proper effect to a prior decision of the Zoning Board involving the same property.

In 1964, a prior owner of Day's property sought a variance so that the property could be subdivided into two lots—one containing the house and one containing the garage with apartment above. The Zoning Board's February 19, 1965 order in this matter, which is included in the record now before us, concluded "that the proposed occupancy of the two structures as one-family dwellings would be detrimental to adjacent properties and that it would not be an undue hardship on the appellant to be denied same."[5] Appellants' argument that this conclusion should be *res judicata* in the instant case is specious. The prior case involved an application for a *variance*. The issue of a prior nonconforming use of the property was not litigated. Accordingly, Day is not barred by the prior adjudication from seeking his occupancy permit based on a pre-existing nonconforming

---

[4] N.T. from March 7, 1985 at 23, R.R. at 51a.

[5] Exhibit 9 to the Zoning Board's Return at 2, R.R. at 23a.

use. *See Bell v. Zoning Board of Adjustment of the City of Pittsburgh,* 84 Pa. Commonwealth Ct. 347, 479 A.2d 71 (1984).

Finding no error of law or abuse of discretion, we will affirm the order of the court of common pleas.

ORDER

The order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.