932 A.2d 45

John R. LUKE and Diane C. Luke, John C. and Lynn Holetich, Dr. Philip Gelacek, Mary Biesuz, Thomas and Jean Woods, Dr. William R. Balash, John and Joan Wintgens, George and Lori Gatto, Mr. and Mrs. John M. George, Thomas and Mary Ann Timney, Mary Ellen Austin, Mr. and Mrs. Wilbert Woods, Mr. and Mrs. Clarence Conway, Robert and Sheila Gahagan, Mr. and Mrs. Robert Selinger, Regis McGuire and John McGuire, Rodney H. Hartman, Scott J. Hartman, Clifford and Jean Campbell, Harold Burton, William Findon, jointly and severally, Appellants,

v.

Randy J. CATALDI, David Brestensky, Ron Covone, Supervisors of South Buffalo Township and Mark A. Nesbit, Zoning Officer of South Buffalo Township, Appellees.

Supreme Court of Pennsylvania.

Argued May 16, 2007.

Decided Sept. 26, 2007.

462

John R. Luke, Esq., Utah Legal Services, Pittsburgh, for John R. Luke and Diane C. Luke, et al.

James Anthony Favero, Esq., Kittanning, for Randy Cataldi, et al.

BEFORE: CAPPY, C.J., and CASTILLE, SAYLOR, EAKIN, BAER, BALDWIN and FITZGERALD, JJ.

## *OPINION*

Justice SAYLOR.

We granted allowance of appeal in this matter to address the impact of this Court's decision in *Schadler v. Zoning Hearing Board of Weisenberg Township*, 578 Pa. 177, 850 A.2d 619 (2004), on conditional land use permits approved in violation of applicable notice and hearing requirements.

On April 26, 2000, Buffalo Valley, Ltd., and McVille Mining Company filed applications for conditional use permits in order to conduct coal mining operations in South Buffalo Township (the "Township"). Buffalo Valley is the owner of a 230–acre tract of land located in the Township, and McVille Mining owns or leases the coal under this tract and adjacent lands, totaling approximately 1,000 acres. Rosebud Mining Company has an option to purchase McVille Mining and will operate the proposed facilities. Following a hearing, the Township's Planning Commission issued findings of fact and conclusions of law, recommending that the applications be approved. On June 12, 2000, at a regularly scheduled meeting, the Township's Board of Supervisors (the "Supervisors") adopted a motion to grant the requested permits, and mining activities commenced in December of that year.

On June 7, 2001, Appellants, a group of aggrieved neighboring landowners, filed a petition for review with the Commonwealth Court, challenging the Supervisors' grant of the conditional use permits and asserting that they had not received notice of the mining operations until they had commenced, in violation of their Fourteenth Amendment due process rights. The court granted the Supervisors' preliminary objections, however, and dismissed the case, as the matter did not fall within the Commonwealth Court's original jurisdiction.

Subsequently, Appellants filed a complaint in mandamus with the common pleas court, contending, *inter alia,* that the procedures utilized during the application and approval process of the conditional use permits granted to McVille Mining and Rosebud Mining did not comply with the applicable requirements of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805 (as amended, 53 P.S. §§ 10101–11202) (the "MPC"), which rendered the permits void *ab initio.* More specifically, Appellants asserted that the Supervisors did not provide public notice of their intention to act on the permit applications and did not conduct a public hearing prior to the issuance of the conditional use permits, in violation of Sections 603(c)(2) and 913.2(a) of the MPC. *See* 53 P.S. §§ 10603(c)(2), 10913.2(a). Further, Appellants asserted that, due to these violations, they had not been permitted to express their concerns regarding the consequences of the mining operations and the effects of such activities on their own properties, an opportunity to which they were entitled pursuant to Section 913.2(a) and the Township's zoning ordinance. *See* South Buffalo Township Zoning Ordinance, § 401 (1990). Accordingly, Appellants sought a writ of mandamus to compel the Supervisors to hold public hearings on the permit applications, following adequate public notice, and to order all mining activities to cease pending the outcome of such hearing. The Supervisors filed preliminary objections, asserting that Appellants' complaint was essentially a land use appeal that should have been filed within thirty days of the decision granting the conditional use permits pursuant to Section 1002–A of the MPC. *See* 53 P.S. § 11002–A.

The common pleas court agreed with the Supervisors and dismissed the complaint. The court reasoned that, because the Township's grant of the conditional use permits in the present matter fell within its powers under Section 909.1(b)(3) of the MPC, *see* 53 P.S. § 10909.1(b)(3), the exclusive method by which Appellants could obtain review of the Supervisors' decision was by appeal within thirty days. *See* 53 P.S. § 11002–A. Noting that the complaint was filed sixteen months after the permit applications had been approved, the common pleas court determined that the action was untimely. In addition, the court explained that Appellants' reliance on Section 610 of the MPC, *see* 53 P.S. § 10610, which requires notice of all proposed zoning ordinances, was misplaced, as the present matter involved the grant of a conditional use permit, not the enactment of a zoning ordinance.

The Commonwealth Court affirmed, observing that mandamus is an extraordinary remedy that is appropriate only in cases where no adequate remedy at law exists. *See Luke v. Cataldi,* 830 A.2d 655, 658 (Pa.Cmwlth.2003) (*en banc* ) (*"Luke I "*) (citing *Delaware River Port Authority v. Thornburgh,* 508 Pa. 11, 20, 493 A.2d 1351, 1355 (1985)). The court noted that Appellants could have challenged the Supervisors' grant of the conditional use permits at issue via an appeal pursuant to Article XI of the MPC, *see* 53 P.S. § 11002–A, which provides a right to appeal from all land use decisions within thirty days, including challenges to the procedures by which such decisions are made. Relying on its decision in *Schadler v. Zoning Hearing Board of Weisenberg Township,* 814 A.2d 1265, 1270 (Pa.Cmwlth.2003) (*"Schadler I "*), the Commonwealth Court concluded that procedural challenges, no matter what defect is alleged, must be brought within the time limits specified by the MPC. The court found the concerns of finality elucidated in *Schadler I,* which addressed a challenge to the enactment of a zoning ordinance, to be equally applicable in situations, like the present matter, that concern the quasi-judicial act of permit approval. *See Luke I,* 830 A.2d at 658 n. 9. Further, the court noted that a mandamus action may not be used as a guise to file an otherwise untimely appeal. *See Lizzi v.*

*Unemployment Comp. Bd. of Review,* 466 Pa. 450, 452, 353 A.2d 440, 441 (1976). Thus, because the statutorily provided land use appeal adequately protected Appellants' procedural rights, the Commonwealth Court held that the complaint was properly dismissed.

President Judge Emeritus Colins, joined by Judges Smith–Ribner and Friedman, dissented for the reasons stated in his dissenting opinion in *Schadler I,* which included his view that the majority's reliance on Section 1601(a) of the Second Class Township Code,[1] *see* 53 P.S. § 66601(a), in that case was erroneous, as the statute placed only noncompliance with the filing and recordation requirements within the thirty-day appeal period and did not render the reasoning of prior caselaw concerning the void *ab initio* doctrine inapplicable. *See Luke I,* 830 A.2d at 659–60 (Colins, J., dissenting) (citing *Schadler I,* 814 A.2d at 1270–72 (Colins, J., dissenting)).[2]

Subsequently, this Court granted Appellants' petition for allowance of appeal and remanded the matter for reconsideration in light of our decision in *Schadler v. Zoning Hearing Board of Weisenberg Township,* 578 Pa. 177, 850 A.2d 619 (2004) (*"Schadler II"*), which held that the thirty-day limitations period set forth in Section 909.1(a)(2) of the MPC, *see* 53 P.S. § 10909.1(a)(2), and Section 5571(c)(5) of the Judicial Code, *see* 42 Pa.C.S. § 5571(c)(2), did not bar Schadler's procedural challenge to a zoning ordinance that was void *ab initio.* *See Schadler II,* 578 Pa. at 183, 850 A.2d at 623.

Reaffirming its earlier decision, the Commonwealth Court held that *Schadler II* did not affect the outcome of the case. *See Luke v. Cataldi,* 883 A.2d 1114, 1121 (Pa.Cmwlth.2005)

1. Act of May 1, 1933, P.L. 103 (as amended, 53 P.S. §§ 65101–68701).

2. *See also Cranberry Park Assocs. v. Cranberry Twp. Zoning Hearing Bd.,* 561 Pa. 456, 462, 751 A.2d 165, 168 (2000) (holding that a challenge to a zoning ordinance was not untimely under 42 Pa.C.S. § 5571 because the ordinance never became effective, as it had not been recorded in the Township's ordinance book); *Valianatos v. Zoning Hearing Bd. of Richmond Twp.,* 766 A.2d 903, 907 (Pa.Cmwlth.2001) ("[W]e hold that the thirty (30) day rule of Section 909.1(a)(2) [of the MPC] is inapplicable because Ordinance No. 78–1998 was void *ab initio.* Therefore, the ordinance never had an effective date to begin the thirty (30) day period.").

(*"Luke II"*). More specifically, the court reasoned that there is a broad distinction between a challenge to the validity of a zoning ordinance, the situation in *Schadler,* and a challenge to the grant of a conditional use permit, the circumstance that gave rise to the present litigation. The court further explained that decisions of administrative agencies are subject to strict appeal deadlines, *see, e.g.,* 53 P.S. § 11002–A, while legislative enactments may be set aside or reinterpreted at any time without voiding every decision made in accordance with the invalid statute; instead, generally only parties whose cases remain active may take advantage of changes in the law. *See Luke II,* 883 A.2d at 1119 n. 12. This principle of finality, in the Commonwealth Court's view, required Appellants to contest the Supervisors' action on the permit applications by filing a timely appeal from the decision granting the conditional use permits. Although the court recognized that prior cases had held that statutes of limitation did not apply to zoning ordinances rendered void *ab initio* by procedural defects, *see Cranberry Park Assocs. v. Cranberry Twp. Zoning Hearing Bd.,* 561 Pa. 456, 462, 751 A.2d 165, 168 (2000); *Valianatos v. Zoning Hearing Bd. of Richmond Twp.,* 766 A.2d 903, 907 (Pa.Cmwlth.2001), the court found such decisions inapplicable to the present situation, given the distinction between the enactment of ordinances and individual permit approvals. *See Luke II,* 883 A.2d at 1119 n. 13.

Acknowledging that the MPC required the Supervisors to provide public notice and hold hearings on the permit applications prior to their approval, *see* 53 P.S. §§ 10603(c)(2), 10913.2(a), and assuming, as alleged in Appellant's complaint, that such notice was not provided and such hearings were not conducted in the present matter, the court determined that challenges arising out of such procedural defects were not exempted from the MPC's provision requiring "all appeals from all land use decisions" to be filed within thirty days of the entry of that decision. *See Luke II,* 883 A.2d at 1120 (quoting 53 P.S. § 11002–A). In this regard, the court explained, Section 1001–A provides that the procedures set forth in Article X–A of the MPC are the exclusive method by which

review of land use decisions, including the grant of conditional use permits, may be obtained. *See* 53 P.S. § 11001–A. Further, the Commonwealth Court noted that nothing in the MPC indicated that the Supervisors' failure to hold a hearing would render their decision to grant a conditional use permit void *ab initio*. Indeed, the court observed, had the Supervisors taken no action on the permit applications, a conditional use would have been deemed approved. *See* 53 P.S. § 10913.2(b)(2).

President Judge Emeritus Colins again dissented, as, in his view, the majority's reasoning was inconsistent with *Schadler II*, which should be applied to claims of procedural irregularities surrounding the grant of conditional land use permits as well as those involving zoning ordinances. *See Luke II*, 883 A.2d at 1121 (Colins, J., dissenting). In this regard, the dissent faulted the majority for failing to consider that the nature of the permits granted by the Supervisors, which involved extensive mining activities, affected Appellants' substantive rights as much as would any legislative enactment. In addition, the dissenting opinion noted that conditional uses may only be approved pursuant to public notice and hearing, *see* 53 P.S. §§ 10603(c)(2), 10913.2(a); South Buffalo Township Zoning Ordinance, § 401, and that the record supported Appellants' contentions that no such notice was given and no such hearing was conducted in the present matter.

This Court granted Appellants' petition for allowance of appeal, and the questions presented center on the applicability of the void *ab initio* doctrine, as interpreted in *Schadler II*, to land use decisions made in violation of statutory procedural requirements, where a challenge to such procedures has been brought outside the statutory appeal period contained within Section 1002–A of the MPC, *see* 53 P.S. § 11002–A.[3]

---

**3.** As the common pleas court dismissed this matter on Appellees' preliminary objections in the nature of a demurrer, our standard of review is *de novo* and our scope of review is plenary. Further, we must accept the facts alleged in Appellants' complaint and all reasonable inferences that may be drawn therefrom as true. *See McNeil v. Jordan*, 586 Pa. 413, 435, 894 A.2d 1260, 1273 (2006).

At issue in *Schadler* was whether a landowner could bring a challenge to a zoning ordinance on the ground that the notice and hearing requirements of the MPC were not properly followed after the thirty-day appeal period contained within Section 909.1(a)(2) of the MPC, *see* 53 P.S. § 10909.1(a)(2), and Section 5571(c)(5) of the Judicial Code, *see* 42 Pa.C.S. § 5571(c)(2), had expired. *See Schadler I,* 814 A.2d at 1267. Addressing the landowner's claim that the thirty-day time limitation did not apply because procedural irregularities had rendered the ordinance void *ab initio,* the Commonwealth Court observed that Section 909.1(a)(2) provides that "[c]hallenges to the validity of a land use ordinance raising procedural questions or alleged defects in the process of enactment or adoption . . . shall be raised by an appeal taken within 30 days after the effective date of said ordinance." 53 P.S. § 10909.1(a)(2). Similarly, the court noted, Section 5571(c)(5), as it read at that time, contained the same time bar. 42 Pa.C.S. § 5571(c)(5) (1978) ("Questions relating to an alleged defect in the process of enactment or adoption of any ordinance, resolution, map or similar action of a political subdivision shall be raised by appeal commenced within 30 days after the effective date of the ordinance, resolution, map or similar action.").[4] The Commonwealth Court also explained that this Court had previously addressed whether an ordinance not enacted in compliance with the MPC could be challenged more than thirty days after its adoption and concluded that such actions were not untimely, as an invalid ordinance had no effective date from which the time limitation could commence. *See Cranberry Park,* 561 Pa. at 462, 751 A.2d at 168 ("As of

---

**4.** The Legislature has since amended this provision to require such challenges to be filed "within 30 days after the *intended effective date* of the ordinance, resolution, map or similar action." 42 Pa.C.S. § 5571(c)(5) (effective December 31, 2000). However, this Court has determined that, if an ordinance contains a term concerning the date upon which it will be effective, that term itself will also be rendered void *ab initio* by a procedural defect, and, accordingly, the ordinance's "intended effective date" never came into existence such that the thirty-day appeal period could commence. *See Glen–Gery,* 589 Pa. at 154–55, 907 A.2d at 1044–45. Thus, the Court concluded that the reasoning of *Schadler II* was not altered by the Legislature's amendment to Section 5571(c)(5). *See id.* at 154, 907 A.2d at 1044.

1995, eight years after the Ordinance was passed, the Ordinance was still not numbered, dated, signed or recorded in the ordinance book of the township, thus it never became effective. Since the Ordinance never became effective, Appellee's reliance on § 5571 of the Judicial Code to argue that CPA's challenge is untimely is unpersuasive." (citations omitted)).

Notwithstanding this holding, however, the Commonwealth Court looked to the amended Section 1601 of the Second Class Township Code, which it viewed as vitiating *Cranberry Park,* as the modification provides that a failure to properly record an ordinance no longer affected its effective date. *See* 53 P.S. § 66601(a) ("The date of such filing [with a designated county office] shall not affect the effective date of the ordinance, the validity of the process of the enactment or adoption of the ordinance; nor shall a failure to record within the time provided be deemed a defect in the process of the enactment or adoption of such ordinance."). For the same reasons, the court determined that its prior decision in *Valianatos,* 766 A.2d at 903, was inapplicable, as that case relied on *Cranberry Park* and did not address Section 1601 of the Second Class Township Code. *See Schadler I,* 814 A.2d at 1270 n. 9. Thus, the Commonwealth Court concluded that "the 30 days after the effective date filing requirement in Section 909.1(a)(2) of the MPC and Section 5571(c)(5) of the Judicial Code applied regardless of procedural defects such as failure to properly record." *Id.* at 1270.

In reversing the Commonwealth Court's holding, this Court explained that prior decisions had consistently concluded that the procedures set forth in the MPC for the enactment of ordinances are mandatory, and that, absent compliance with such requirements, an ordinance is void *ab initio.* *See Cranberry Park,* 561 Pa. at 461–62, 751 A.2d at 167–68 (holding that an unrecorded ordinance is void *ab initio* and thus the thirty-day limitations period never commenced and did not bar a procedural challenge based on the lack of recordation); *Lower Gwynedd Twp. v. Gwynedd Props., Inc.,* 527 Pa. 324, 327, 591 A.2d 285, 287 (1991) ("[T]he procedures established by the legislature for the enactment of ordinances

must be followed strictly in order for an ordinance to be valid."). Further, we explained that Section 1601 of the Second Class Township Code, *see* 53 P.S. § 66601(a), by its plain language, provided that only two specified procedural defects, namely, the failure to file a copy of an ordinance with a designated county office or to record an ordinance within the time specified, were excepted from this principle. *See Schadler II*, 578 Pa. at 187–88, 850 A.2d at 625–26. As a policy matter, this Court further reasoned that ensuring public notice and comment on proposed ordinances or amendments was an important consideration underlying the mandatory nature of statutory procedures. *See id.* at 189, 850 A.2d at 627. Accordingly, the Court concluded, the analysis underlying *Lower Gwynedd* and *Cranberry Park* remained valid, and a township's failure to comply with other procedural requirements would continue to render an ordinance void *ab initio* such that the thirty-day appeal period would not bar later challenges on these grounds. *See id.* at 188, 850 A.2d at 626.

 Contending that the reasoning of *Schadler II* and *Cranberry Park* should be extended to allow procedural challenges to land use determinations other than the enactment of zoning ordinances after the thirty-day time limitation has expired, Appellants presently assert that the same due process protections of notice and an opportunity to be heard are at issue in both contexts. In this regard, Appellants concede that Section 1002–A of the MPC limits appeals of land use determinations to a thirty-day period following the issuance of such decisions. *See* 53 P.S. § 11002–A ("All appeals from all land use decisions rendered pursuant to Article IX ... shall be filed within 30 days after entry of the decision[.]"). However, Appellants argue, pertinent provisions of the MPC, like those applicable to zoning ordinances, require public notice and hearing prior to the approval of conditional use permits. More specifically, Appellants observe that Section 603(c)(2) provides that conditional uses must be "allowed or denied by the governing body pursuant to public notice and hearing ... and pursuant to express standards and criteria set forth in the

zoning ordinances." 53 P.S. § 10603(c)(2). In addition, Appellants note that Section 913.2(a) mandates that a hearing be held to consider applications for conditional use permits pursuant to standards and criteria expressed in the Township's zoning ordinance. *See* 53 P.S. § 10913.2(a) ("Where the governing body, in the zoning ordinances, has stated conditional uses to be granted or denied by the governing body pursuant to express standards and criteria, the governing body shall hold hearings on and decide requests for such conditional uses in accordance with such standards and criteria."). Further, Appellants explain, the Township's zoning ordinance contains extensive standards concerning the prerequisites necessary for approval of a conditional use permit, which they contend McVille Mining and Rosebud Mining have not satisfied. *See* South Buffalo Township Zoning Ordinance, §§ 401–402.

Appellants also assert that the notice and hearing requirements for the approval of conditional use permits, like those applicable to zoning ordinances, are mandatory. *See Lower Gwynedd,* 527 Pa. at 329, 591 A.2d at 288 ("The precedents of this Court have been consistent in holding that statutory publication requirements are mandatory and that ordinances adopted without strict compliance are void."). Given the virtually identical procedural requirements for the enactment of zoning ordinances and the approval of conditional use permits, and the due process concerns underlying both, Appellants claim that it would elevate form over substance to distinguish the two situations for purposes of the void *ab initio* doctrine. Indeed, Appellants note, this Court, in considering procedural irregularities in the enactment of zoning ordinances, has relied upon caselaw from other jurisdictions that addressed the issuance of a permit. *See Glen–Gery Corp. v. Zoning Hearing Bd. of Dover Twp.,* 589 Pa. 135, 153 n. 8, 907 A.2d 1033, 1043 n. 8 (2006) (citing *Indiana Envtl. Mgmt. Bd. v. Bremen,* 458 N.E.2d 672, 676 (Ind.App.1984) (holding that a failure to comply with the statutory and due process requirement of notice to all affected persons rendered landfill permits void *ab initio* )).

With regard to the present dispute, Appellants assert that the Supervisors failed to comply with any of the applicable procedures prior to approving conditional use permits for the mining operations conducted by McVille Mining and Rosebud Mining because no public notice was provided and no public hearings were conducted. In accord with President Judge Emeritus Colins' dissent, Appellants contend that their substantive property rights have therefore been infringed without affording them the protections to which they are entitled by the MPC and the Fourteenth Amendment. *See Luke II*, 883 A.2d at 1121 (Colins, J., dissenting) (observing that "the allowance of extensive deep mining activities near Appellants' properties, as in the present case, affects Appellants' substantive rights as fundamentally as would a legislative enactment"). Thus, Appellants conclude, the Supervisors' failure to follow the procedures required by the MPC for the grant of conditional use permits renders their decision void *ab initio,* as no valid decision was rendered in the first instance, and, thus, the thirty-day time limitation contained within Section 1002–A of the MPC cannot apply.

By contrast, Appellees emphasize that the difference between the enactment of zoning ordinances and the grant of conditional use permits is not illusory; instead, they observe that the enactment of an ordinance is a legislative action, whereas the approval of a permit is an administrative decision. *See Nernberg v. City of Pittsburgh,* 153 Pa.Cmwlth. 219, 620 A.2d 692, 694 (1993). This distinction, in Appellees' view, renders *Schadler II* inapplicable to land use decisions, which are quasi-judicial acts governed exclusively by the MPC. *See* 53 P.S. § 11001–A ("The procedures set forth in this article shall constitute the exclusive mode for securing review of any decision rendered pursuant to Article IX [Zoning Hearing Board or Other Administrative Proceedings] or deemed to have been made under this act."). Appellees reason that the plain language of Section 1002–A of the MPC requires that "*all* appeals from *all* land use decisions" be filed within thirty days, with no exceptions for procedural irregularities such as

the failure to hold a hearing. *See* 53 P.S. § 11002–A (emphasis added).

Appellees further assert that applying *Schadler II* to the present situation would be illogical, as the Supervisors' failure to take any action on the permit applications would have resulted in the permits being granted by operation of law, without the procedures that Appellants assert should have been followed. *See* 53 P.S. § 10913.2(b)(2) ("Where the governing body fails to render the decision within the period required by this subsection ... the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time."). In addition, Appellees contend that the concerns of due process underlying the reasoning of *Schadler II* are not implicated by the present matter, as Appellants have not established that any property rights have been impaired by the mining operations at issue. In this regard, Appellees observe that conditional uses, such as the recovery of natural resources, are expressly permitted by the Township's zoning ordinance, subject to approval by the Supervisors, and must be granted if the criteria specified in the ordinance are satisfied. *See* South Buffalo Township Zoning Ordinance, Table 201, RR. at 73–74. Further, Appellees note that there are indications in the record that public notice was provided for both the Planning Commission's and the Supervisors' meetings on the conditional use permits at issue. *See* Brief of Defendants in Support of Preliminary Objections, RR. at 27–28 (alleging that notice was twice published in a newspaper). Therefore, Appellees conclude, the conditional use permits should not be found void *ab initio,* and the thirty-day appeal period of Section 1002–A should apply to bar Appellants' action.

Preliminarily, Appellees' development of the distinction between the enactment of zoning ordinances, a legislative action resulting in generally applicable rules, and the issuance of conditional use permits, an individual determination made upon consideration of specified standards and criteria, is well taken. *Compare* 2 ROBERT S. RYAN, PENNSYLVANIA ZONING LAW

AND PRACTICE § 9.1.1 (2001 & Supp.2007) ("The enactment of a zoning ordinance is municipal legislative action undertaken pursuant to an enabling act of the legislature.") *with* 1 RYAN, ZONING LAW § 5.1.5 ("When it decides a conditional use application, the municipal governing body is acting in a quasi-judicial capacity, as does a zoning hearing board."). However, these differences do not preclude the application of *Schadler II*, which concerned a procedurally defective zoning ordinance, to a situation involving the approval of a conditional use permit in violation of pertinent procedural requirements. Indeed, the reasoning of *Schadler II* was not premised solely upon the fact that the question presented addressed the validity of a zoning ordinance. Instead, the Court emphasized the "egregious procedural defects" that rendered the ordinance at issue void *ab initio*, namely, the failure to provide the public with adequate notice concerning the alteration of zoning provisions by not publishing the required newspaper advertisements containing information about the ordinance and not filing a copy of the ordinance in a designated county office. *See Schadler II*, 578 Pa. at 188–89, 850 A.2d at 626. Similarly, according to Appellants' complaint, the Supervisors granted the conditional use permits at issue in the present matter without providing public notice of their intention to act upon the permit applications, *see* Complaint in Mandamus at 7–8, ¶ 15, 18, RR. at 8–9, or conducting a public hearing on such matters, *see id.* at 4, 7–8, ¶ 4, 15, 17, RR. at 5, 8–9.

Notably, although some procedural requirements may be specific to the enactment of ordinances, *see, e.g.,* 53 P.S. § 10610(a) (requiring notice to include publication of the full text of a proposed ordinance or a summary thereof directing readers to a copy of the ordinance filed in a designated office), the statutory provisions requiring public notice and hearing for ordinances and conditional use permits are substantially similar. *Compare* 53 P.S. § 10506(a) (requiring public notice and hearing for all proposed ordinances and amendments thereto) *with* 53 P.S. § 603(c)(2) (requiring that conditional uses "be allowed or denied by the governing body pursuant to

public notice and hearing").[5] Moreover, the importance of providing adjacent landowners with sufficient notice of proposed land use changes is recognized by numerous provisions of the MPC. *See, e.g.,* 53 P.S. §§ 10607(b), 10913.2(b)(2).

This Court has also recognized that mandating compliance with the procedures applicable to the enactment of zoning ordinances serves the important purpose of providing the public with notice of modifications in the law in order to permit citizens to participate in the consideration of such changes. *See Schadler II,* 578 Pa. at 189, 850 A.2d at 627. These purposes are no less applicable to the requirement of providing public notice and hearing prior to the grant or denial of a conditional use permit. Although, as Appellees note, conditional uses are allowed by the zoning ordinance, they nonetheless have a different classification than land uses generally allowed in the absence of a permit, particularly in light of the possibility that conditional uses will affect the property rights of neighboring landowners.[6]

Thus, the procedural safeguards afforded to neighboring landowners and the general public by the MPC, grounded in underlying principles of due process, apply with equal force to situations involving either a procedurally defective zoning ordinance or a conditional use permit granted in violation of

5. *See also* 53 P.S. § 10608 ("Before voting on the enactment of a zoning ordinance, the governing body shall hold a public hearing thereon, pursuant to public notice."); 53 P.S. § 10913.2(a) ("Where the governing body, in the zoning ordinances, has stated conditional uses to be granted or denied by the governing body pursuant to express standards and criteria, the governing body shall hold hearings on and decide requests for such conditional uses in accordance with such standards and criteria.").

6. *See* 1 RYAN, ZONING LAW § 5.2.5 (if an application for a conditional use permit falls within an ordinance's provisions for conditional uses, "then the board must decide whether the permission if granted will prove injurious to the public interest under the standards established in the ordinance"); *Visionquest National, Ltd. v. Board of Supervisors of Honey Brook Township,* 524 Pa. 107, 112, 569 A.2d 915, 917 (1990) ("Once an applicant for a conditional use permit has presented evidence to establish the specified standards in the ordinance, the application must be granted, unless the protestors to such an application have presented sufficient evidence that such a use would pose a substantial threat to the community." (citations omitted)).

statutory procedural requirements. More specifically, as President Judge Emeritus Colins recognized in his dissenting opinion, the conditional use sought in the present matter—coal mining, excavation, and preparation—has the potential to affect Appellants' property rights as substantially as would a new zoning ordinance. *See Luke II*, 883 A.2d at 1121 (Colins, J., dissenting). Indeed, according to the Planning Commission's findings of fact, the coal itself is located approximately three hundred and fifty feet below the surface of the land, and mining activities may, in the future, be extended beyond the 1,000–acre property presently at issue. *See In re: Application of Buffalo Valley, Ltd., and McVille Mining Company*, South Buffalo Township Planning Commission Findings, at 2, ¶ 7. Accordingly, the Supervisors' alleged failure to comply with applicable notice requirements may have left Appellants without any practical opportunity to contest the effects of the Supervisors' action on their property rights, thereby implicating the harm from which the void *ab initio* doctrine was intended to protect citizens. *Cf. Glen–Gery*, 589 Pa. at 155, 907 A.2d at 1044 ("In the case of a procedural defect involving notice or other defects lessening or eliminating constitutional rights, it would be nonsensical to allow the Legislature to pass a law or ordinance without notification and then attempt to skirt its own defective act by creating an artificial and arbitrary statute of limitations when a potential party has no ability to know of or contest the statute."); *accord id.* at 158, 907 A.2d at 1047 (Saylor, J., dissenting) ("I also do not believe that the Legislature, consistent with the due process norms, can restrict the ability of landowners who have not been afforded reasonable notice to obtain redress in the courts of law to a thirty-day period after the passage of an unnoticed ordinance.").

■ Turning to the statutory appeal period contained within Section 1002–A of the MPC, *see* 53 P.S. § 11002–A, we agree with Appellants that the variations in language do not justify interpreting this provision differently from the time bars created by Section 5571(c)(5) of the Judicial Code, *see* 42 Pa.C.S. § 5571(c)(5), or Section 909.1(a)(2) of the MPC, *see* 53

P.S. § 10909.1(a)(2), which were at issue in *Schadler II*. Significantly, this Court's application of the void *ab initio* doctrine in that case rendered the time limitations inapplicable, as the challenged zoning ordinances never became effective. *See Schadler II*, 578 Pa. at 188–89, 850 A.2d at 626–27; *accord Glen-Gery*, 589 Pa. at 154, 907 A.2d at 1044 ("[T]he effective date, whether called 'intended' or not, cannot bar a challenge to a procedurally defective statute because that date simply fails to exist should the statute have been enacted improperly."). Similarly, application of this logic to a procedural challenge to the grant of a conditional use permit renders the thirty-day appeal period specified in Section 1002–A inapplicable; while land use appeals must be "filed within 30 days after entry of the decision," 53 P.S. § 11002–A, where no valid decision has been made, there is no date of entry from which the appeal period can commence.

In addition, we differ with the Commonwealth Court's attempt to distinguish *Schadler II* on the ground that it involved Section 1601 of the Second Class Township Code, *see* 53 P.S. § 66601(a), rather than a provision of the MPC. *Schadler II* clearly addressed the procedural prerequisites for the enactment of zoning ordinances contained within both Codes, which the Court found to be substantially similar. *See Schadler II*, 578 Pa. at 179–80, 850 A.2d at 621 (citing 53 P.S. § 10506 and 53 P.S. § 66601). Further, the Commonwealth Court's analogy to the deemed approval provision of the MPC, *see Luke II*, 883 A.2d at 1120–21 (citing 53 P.S. § 10913.2(b)(2)), echoed by Appellees in their brief, is misplaced. That statute expressly requires that public notice be given before a permit will be deemed approved by operation of law, the very procedure with which Appellants contend the Supervisors failed to comply in the present matter. *See* 53 P.S. § 10913.2(b)(2) ("When a decision has been rendered in favor of the applicant because of the failure of the governing body to meet or render a decision as hereinabove provided, the governing body shall give public notice of the decision within ten days from the last day it could have met to render a decision in the same manner as required by the public notice requirements of this act."). Moreover, the thirty-day appeal period for deemed decisions does not

commence until public notice of such decision has been given in accordance with the MPC. *See* 53 P.S. § 11002–A ("All appeals from all land use decisions rendered pursuant to Article IX ... shall be filed ... in the case of a deemed decision, *within 30 days after the date upon which notice of said deemed decision is given* as set forth in section 908(9) of this act." (emphasis added)).

Finally, we recognize that the limited grant of allocatur included a separate question concerning whether Appellants' due process rights were violated by the Supervisors' failure to provide public notice of their approval of the conditional land use permits. *See Luke v. Cataldi,* 589 Pa. 253, 908 A.2d 268 (2006) (*per curiam* ). However, since *Glen–Gery* limited the application of the void *ab initio* doctrine to circumstances implicating notice, due process, or other constitutional rights of a party, *see Glen–Gery,* 589 Pa. at 143 n. 5, 907 A.2d at 1037 n. 5, for all intents and purposes, the due process inquiry has been subsumed within the application of that doctrine.[7]

In summary, we conclude that the reasoning of *Schadler II* applies to situations involving procedurally defective approvals of conditional use permits and that Appellants' complaint sets forth sufficient facts that, if proven, would render the permits presently at issue void *ab initio.* As such, the complaint should not have been dismissed as untimely. Accordingly, the matter is remanded for further proceedings consistent with the above. Jurisdiction is relinquished.

Chief Justice CAPPY, Justice CASTILLE, EAKIN and BAER, Justice BALDWIN, and Justice FITZGERALD join the opinion.

**7.** The dissenting position in *Glen–Gery* would have analyzed claims of the type at issue as as-applied constitutional challenges to the application of the thirty-day statutory limitation on access to the courts, rather than under the traditional void *ab initio* doctrine. *See Glen–Gery,* 589 Pa. at 155–59, 907 A.2d at 1045–47 (Saylor, J., dissenting, joined by Cappy, C.J.). We recognize that it would be possible to adopt such reasoning in the present context involving decisions on conditional use applications, rather than extending the void *ab initio* doctrine to these circumstances. However, both because the *Glen–Gery* majority took a broad approach to the logic of the void *ab initio* doctrine, and for the sake of consistency, we find the latter course to be the preferable one.