**Gregory FALKLER, Appellant**

v.

**LOWER WINDSOR TOWNSHIP ZONING HEARING BOARD, Red Lion Municipal Authority and Ivar DeJong.**

**Gregory Falkler**

v.

**Lower Windsor Township**

v.

**Red Lion Municipal Authority and Ivar DeJong.**

**Appeal of: Red Lion Municipal Authority.**

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 2009.

Decided Jan. 21, 2010.

Victor A. Neubaum, York, for appellant, Gregory Falkler.

Gavin W. Markey, York, for appellee, Lower Windsor Township Zoning Hearing Board.

Andrew J. Miller, York, for appellee, Red Lion Municipal Authority.

BEFORE: SIMPSON, Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

In these consolidated appeals, Gregory Falkler (Falkler) and Red Lion Municipal Authority (Authority) both appeal from an order of the Court of Common Pleas of York County (Trial Court) denying the appeals of Falkler and the Authority from an order of the Lower Windsor Township Zoning Hearing Board (ZHB). The Trial Court affirmed the ZHB's order dismissing Falkler's appeal from the issuance of a Certificate of Nonconformance by a Lower Windsor Township Zoning Officer, on the basis that the appeal had been untimely filed, and that the ZHB was thusly without jurisdiction to entertain the appeal.

The following facts are not disputed herein. Daniel "Pete" Boyd (Boyd) is the owner of real property located at 1357–1359 Snyder Corner Road, in Red Lion, Pennsylvania (the Property). On June 21, 2007, a Lower Windsor Township (Township) Zoning Officer issued a Certificate of Nonconformance (Certificate) to Boyd that purported to acknowledge Boyd's right to operate a nonconforming body shop and salvage yard on his Property.

Falkler, an adjoining landowner, became aware of the Certificate on or before December 6, 2007, and subsequently attended a Board of Supervisors meeting on December 13, 2007, at which the subject of the property's nonconforming use status was discussed. On January 16, 2008, Falkler filed an appeal of the issuance of the Certificate with the ZHB. Thereafter, the Authority intervened as an objector to the nonconforming use.[1] Boyd subsequently filed a Motion to Dismiss the appeal as untimely. A hearing ensued, at which all

---

1. The Authority operates a drinking water reservoir in the vicinity of the Property.

parties were present and represented by counsel.

Most generally summarized, Falkler argued that the Property did not meet the requirements of a nonconforming use because it had not legally existed prior to the enactment of the Township Zoning Ordinance (Ordinance). Neither Falkler nor the Authority disputed the timeline of events cited above, including the fact that the appeal was filed more than thirty days beyond the date that the Certificate was issued and more than thirty days beyond the latest date that they could argue that they were aware of the issuance. Falkler did assert that he was unaware of a thirty-day limit within which to file his appeal of the Certificate's issuance.[2]

The ZHB concluded that, pursuant to both Section 914.1(a) of the Pennsylvania Municipal Planning Code (MPC)[3] and Section 905 of the Ordinance, any appeal of the citation was to be brought within the thirty-day limit prescribed therein. Even considering the potential exception to this rule based upon actual knowledge of the Certificate's issuance, the ZHB concluded that the appeal was untimely, and that the ZHB was thusly without jurisdiction to entertain the appeal. Accordingly, the ZHB dismissed the appeal by Decision and Order dated June 19, 2008.

■ Falkler appealed to the Trial Court, and the Authority intervened with a cross appeal. Additionally, Ivan DeJong[4] (DeJong) also filed a Petition to Intervene. By Order dated February 24, 2009, the Trial Court affirmed the ZHB's Decision and Order, agreeing that the ZHB was without jurisdiction due to the untimely appeal. In its Opinion issued thereafter pursuant to Pa.R.A.P.1925, the Trial Court essentially found the ZHB's reasoning and conclusions to be sound. Both Falkler and the Authority now appeal to this Court.

Where the trial court did not receive any additional evidence, this Court must determine whether the Board made an error of law or committed an abuse of discretion in reaching its decision. *Llewellyn's Mobile Home Court, Inc. v. Springfield Township Zoning Hearing Board*, 86 Pa.Cmwlth. 567, 485 A.2d 883 (1984).

The issues herein have been reordered in the interests of clarity. As noted, there is no dispute herein that the appeal was untimely filed, being filed beyond the applicable thirty-day limit from the point at which Falkler became aware of the Certifi-

2. The record shows that Falkler was expressly informed by the Board of Supervisors of his right to appeal, and was urged to seek legal guidance thereon. Reproduced Record (R.R.) at 58a.

3. Act of July 31, 1968, P.L. 805, *as amended, added by* the Act of Dec. 21, 1988, P.L. 1329, 53 P.S. § 10914.1(a). Section 914.1(a) reads:
Time limitations
(a) No person shall be allowed to file any proceeding with the board later than 30 days after an application for development, preliminary or final, has been approved by an appropriate municipal officer, agency or body if such proceeding is designed to secure reversal or to limit the approval in any manner unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval had been given. If such person has succeeded to his interest after such approval, he shall be bound by the knowledge of his predecessor in interest. The failure of anyone other than the landowner to appeal from an adverse decision on a tentative plan pursuant to section 709 or from an adverse decision by a zoning officer on a challenge to the validity of an ordinance or map pursuant to section 916.2 shall preclude an appeal from a final approval except in the case where the final submission substantially deviates from the approved tentative approval.
53 P.S. § 10914.1(a).

4. DeJong is the equitable owner of Falkler's property pursuant to an alleged purchase agreement.

cate's issuance. Falkler and the Authority both rely upon two precedents of our Supreme Court in their appeals, namely, *Schadler v. Zoning Hearing Board of Weisenberg Township*, 578 Pa. 177, 850 A.2d 619 (2004), and *Luke v. Cataldi*, 593 Pa. 461, 932 A.2d 45 (2007). Citing thereto, Falkler and the Authority now argue that the Certificate was *void ab initio*, and therefore, the thirty-day appeal period limitation under the MPC is inapplicable. Further, the appealing parties argue that their notice and due process rights have been violated by the ZHB's application of the MPC appeal period limitation. We disagree, both as to the applicability of those precedents to the facts of this matter, and to the parties' due process assertions.

*Schadler* addressed a landowner's procedural challenge to the enactment of a municipal zoning ordinance regulating mobile homes, which challenge was filed 200 days after the ordinance had been enacted. The Supreme Court concluded that a municipal ordinance was *void ab initio* because of the municipality's failure to comply with statutory notice requirements prior to the ordinance's enactment. The foundation of the Supreme Court's reasoning was built upon the premise that an ordinance purportedly enacted in violation of the statutory notice requirements was not properly enacted, and thus never had an effective date from which the applicable thirty-day appeal period under the MPC could be held to begin running; hence, any procedural challenge thereto was not time barred. The Supreme Court stressed the importance of strict compliance with the express procedural requirements of ordinance enactment:

> The purpose of requiring compliance with the procedural requirements for enacting township ordinances is premised on the importance of notifying the public of impending changes in the law so that members of the public may comment on those changes and intervene when necessary.

*Schadler*, 578 Pa. at 189, 850 A.2d at 627.

Subsequently, in relevant part, the Supreme Court has limited the application of the *void ab initio* doctrine to circumstances implicating notice, due process, or other constitutional rights of a party. See *Glen–Gery Corp. v. Zoning Hearing Board of Dover Township*, 589 Pa. 135, 907 A.2d 1033 (2006). Additionally, the Supreme Court applied the doctrine as articulated in *Schadler* to situations involving procedurally defective approvals of conditional use permits under the MPC and municipal zoning ordinances. *Luke.*

In *Luke*, landowners who had failed to appeal within a thirty-day appeal period for conditional land use grants brought a complaint in mandamus seeking, *inter alia*, to compel a municipal board to hold public hearings on the permits following adequate public notice. In extending the *Schadler void ab initio* doctrine to the grant of the conditional use permits— which had been granted without public notice or hearing as expressly required by statute—the Supreme Court noted that the applicable statutory provisions under the MPC requiring public notice and hearing, were substantially similar in both *Schadler* and *Luke*. The Supreme Court, in finding the conditional use grants *void ab initio*, emphasized that under the clear and express MPC provisions, public notice was required before a permit could be deemed approved by operation of law.

We first note that there are no notice or public hearing requirements, under the MPC or the Ordinance, applicable to the issuance of a certificate of nonconformance. No such mandatory provisions, or violations thereof, are asserted by either Falkler or the Authority. As such, this

crucial foundational distinction between the facts of the instant case, and the operative material facts in both *Schadler* and *Luke,* render those precedents inapplicable to this matter on their face.

However, Falkler and the Authority argue that the *void ab initio* doctrine should be further extended to the instant facts. They first argue that the Zoning Officer in this matter did not make a valid decision in his issuance of the Certificate, and hence there is no date of entry from which the appeal period could commence.

■ Falkler and the Authority argue that the Ordinance section governing the issuance of a certificate of nonconformance, as well as the statutory scheme of the Ordinance as a whole, require the issuance of a certificate within one year after the nonconformity was created.[5] Section 518(f) of the Ordinance governs the issuance of a certificate of nonconformance, and states in relevant part:

Certificate of Nonconformance

1. An application for a certificate of nonconformance may be made to the Township by the owner of any nonconformity as the effective date of this Ordinance or as the effective date of an amendment or variance creating the nonconformity.

This certificate affirms the legality of the nonconformance.

2. The Certificate of Nonconformance shall set forth in detail all the nonconforming conditions of said property as of the effective date of this Ordinance or as of the effective date of an amendment or variance creating the nonconformity.

3. The certificate shall be for the purpose of insuring to such owner the right to continue the nonconformity; therefore, **the certificate should be filed within one (1) year of the effective date of subsequent amendments or variance to this Ordinance, which creates a nonconformity.**

4. The Township shall retain a copy of the Certificate of Nonconformance.

R.R. at 67a–68a (emphasis added).

Falkler and the Authority argue that other Ordinance sections, when read as a whole, contradict the plain language of Section 518(f), citing to Section 518(d)(4) establishing that a nonconforming use is presumed abandoned if there is a cessation of the nonconforming activity or a failure to reinstate it within one year from the date of cessation or discontinuance, and Section 518(c)(2) governing restoration of a nonconforming building or structure and requiring such a restoration to begin within one year of its destruction. R.R. at 63a, 67a. They assert that these sections, read together, indicate a statutory scheme that protects nonconformities unless a nonconformity has ceased for a period of at least one year, and to interpret Section 518(f) as allowing a certificate issuance beyond one year overrules the statutory scheme as a whole. We disagree.

It is axiomatic that, in matters of statutory construction, when the language of a statute is clear and free from all ambiguity, a court should not disregard the letter of the statute in order to pursue its spirit. Section 1921(b) of the Statutory Construction Act, 1 Pa.C.S. § 1921(b); *Spahn v. Zoning Board of Adjustment,* —— Pa. ——, 977 A.2d 1132 (2009). The plain language of Section 518(f) employs the expressly and plainly permissive term "should" in regards to a certificate filing

---

5. In the instant matter, Falkler and the Authority argue that the nonconformity was created when the Ordinance was amended on April 29, 2004. Boyd applied for the Certificate on May 3, 2007, more than three years after the date of that amendment. We will not address the substantive issue of the validity of the nonconformity at issue.

within one year of the conditions stated, a permissive term emphasized all the more in its intended meaning when contrasted with the mandatory term "shall" employed throughout the remainder of Section 518(f). Under our long-standing rules of statutory construction, we will not disregard the clear letter of Section 518(f) in pursuit of the spirit of the purported statutory scheme favored not by the actual drafters of the Ordinance, but favored by Falkler and the Authority in the instant challenge. As such, the Certificate at issue herein was not an invalid act or decision due to its issuance more than one year after the nonconformity was created. *Id.*

■ Next, Falkler and the Authority argue that the Certificate is invalid because the Zoning Officer exceeded her authority by stating therein the extent and nature of the nonconforming use. *See* R.R. at 55a, 58a. This argument is based on the assertion that nothing in the Ordinance grants authority to a zoning officer to make a factual determination of extent and/or nature in regards to the subject of a certificate application. Again, the plain and express words of Section 518(f) contradict Falkler's and the Authority's argument: Section 518(f)(2) requires, in mandatory language, that a zoning officer "shall set forth in detail all the nonconforming conditions of said property." R.R. at 68a. It is inarguable that those nonconforming conditions would include the extent and/or nature of the nonconforming use. As such, the Certificate cannot be seen to be invalid due to the Zoning Officer's compliance with the Ordinance's express requirements for the Certificate's issuance, and this argument is without merit.

Finally on this issue, Falkler and the Authority argue that their notice and due process rights were violated by the ZHB's application of a time limit upon their respective appeal rights. We disagree. It is on this issue that we must affirmatively decline to extend the doctrine of *void ab initio* as articulated in *Schadler* and *Luke* to the instant matter.

■ *Schadler* and *Luke,* and those precedents' concomitant recognition of the need to protect notice and due process rights under the facts at issue therein, are premised upon a failure by a municipality to abide by statutorily required procedural notice and public hearing mandates that are absent from this case. The gravamen of those decisions lies in the importance of procedural safeguards to protect the public's constitutional rights, which procedural safeguards took the form of express statutory provision applicable to, respectively, zoning ordinance enactment and conditional use grants. Neither Falkler nor the authority is in a comparable circumstance in this case, as no such provisions exist in relation to the issuance of a certificate of nonconformity.

■ As stated previously herein, neither Falkler nor the Authority alleges any defects in notice or public hearings, or in any other procedural requirement. Indeed, neither the MPC nor the Ordinance contains any notice, hearing, or other related procedural requirements applicable to the issuance of a certificate of nonconformance under Ordinance Section 518(f). The parties' due process rights are both recognized, and protected, by Section 914.1(a) of the MPC and Section 905 of the Ordinance, which allow for appeal from the issuance of a certificate of nonconformance within thirty days. Those rights are further protected by the express exception to the thirty-day appeal period to be made where a party can show that it was unaware of the certificate's issuance, in which instance a potentially aggrieved party is given thirty days beyond that date of awareness. Falkler does not dispute that he waited longer than thirty days from the latest possible date he could be held to be

aware of the Certificate's issuance. The Authority makes no argument that it was denied an appeal of the Certificate's issuance within thirty days after it became aware of the issuance; in fact, the Authority claims in its brief to this Court that the neighboring landowners [6] to Boyd's property were "confused and amazed" at the Zoning Officer's issuance of the Certificate, and that those neighbors "immediately" recognized impropriety in the Certificate's grant. Yet, neither party made a timely appeal thereof. The mere fact that neither party made timely employment of its clear due process rights in this matter, on its own volition, does not constitute any denial of any due process rights herein. In this matter, Falkler and the Authority merely waited too long to take action, and the ZHB was properly divested of jurisdiction.[7]

Accordingly, we affirm.[8]

### ORDER

AND NOW, this 21st day of January, 2010, the order of the Court of Common Pleas of York County dated February 24, 2009, at No. 2008–SU–3537–08, is affirmed.

## CONCURRING OPINION BY Judge SIMPSON.

I concur with the majority's thoughtful disposition of this case, which affirms the respected trial court. I write separately to offer an additional response to the argument that a certificate of nonconformance must be issued within one year after the nonconformity is created; otherwise, the right to continue the nonconforming use is lost, and municipal authorities are powerless to recognize the nonconforming use.

The provisions in the Lower Windsor Township Zoning Ordinance providing for registration of nonconforming uses and issuance of certificates of nonconformance are typical of many ordinances. Appellate courts, however, have yet to clearly decide how these provisions affect lawful nonconforming uses which are not timely registered or issued certificates. See Smalley v. Zoning Hearing Bd. of Middletown Twp., 575 Pa. 85, 834 A.2d 535 (2003).

Because the right to continue a lawful nonconforming use is a property right of constitutional dimension, the right to continue cannot be taken without due process. In its most basic form, procedural due process requires notice and an opportunity to be heard. Therefore, I believe that a zoning ordinance cannot extinguish the right to continue a lawful nonconforming use based solely on the passage of time, such as the passage of a registration period. There should also be proof that the

---

6. The Authority, which purports to maintain a drinking reservoir in the area near the Property, can certainly be seen as a neighboring landowner in this matter.

7. The law is clear that statutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence. See, e.g. Hudson v. Bureau of Driver Licensing, 830 A.2d 594 (Pa.Cmwlth.2003). "When a statute fixes the time within which an appeal may be taken, a court may not extend that time period or allow an appeal nunc pro tunc absent a showing that extraordinary circumstances involving fraud or its equivalent, duress, or coercion caused the delay in filing an ap-

peal." Hanoverian Inc. v. Lehigh County Board of Assessment, 701 A.2d 288, 289 (Pa. Cmwlth.1997).

8. We note that Falkler and the Authority make a number of implied arguments attacking the validity of Ordinance Section 518 itself, including arguments that a certificate of nonconformance issued thereunder constitutes an illegal advisory opinion, and/or an illegal rezoning classification. Given our disposition herein, we will not entertain such a collateral attack on the validity of any Ordinance section, as any challenge to the substance thereof must be timely filed to be addressed.

owner knew of the registration requirement and the consequences of failure to register. This position is consistent with learned commentary on the topic. *See* ROBERT S. RYAN, PENNSYLVANIA ZONING LAW AND PRACTICE, § 7.1.9 (2009).

While it is permissible for zoning ordinances to shift burdens of proof or create presumptions regarding abandonment of lawful nonconforming uses, ordinances must provide the owner with notice (such as clear language in the ordinance of the effect of passage of time), a hearing, and an opportunity to prove an intent to continue the use. Otherwise, the owner is deprived of a property right without due process.